Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| MY LITTLE CASTLE DAY CARE, INC., Lisandra León Rodríguez, Sheila Laó Flores

Recurrentes

v.

ADMINISTRACIÓN DE FAMILIAS Y NIÑOS

Recurrida | KLRA202500317 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta Adjudicativa del Departamento de la Familia

Caso Núm.
2022 PPSF 00026
2022 PPSF 00027
2022 PLIC  0004

Sobre: Maltrato Institucional Denegación Renovación de Licencia, Ley 173 del 12 de agosto de 2016 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de junio de 2025.

Comparece la parte recurrente compuesta por My Little Castle Day Care, Inc., Lisandra León Rodríguez y Sheila Laó Flores, mediante el recurso de revisión judicial de epígrafe. Solicita la revisión judicial de un dictamen interlocutorio emitido por la Junta Adjudicativa del Departamento de la Familia.

Por las razones que expondremos a continuación, *determinamos* desestimar el recurso de epígrafe por falta de jurisdicción.

-*I*-

En el contexto de un procedimiento de renovación de licencia, el 27 de septiembre de 2021 la parte recurrente presentó una apelación administrativa ante la Junta Adjudicativa del Departamento de la Familia. El 1 de octubre de 2024 la parte

recurrente presentó una "Moción Dispositiva" sobre el recurso de apelación administrativa pendiente de adjudicación. El Departamento de la Familia presentó una réplica, y la parte recurrente una dúplica sobre la solicitud de desestimación. El 14 de abril de 2025 la Junta Adjudicativa denegó la desestimación solicitada y señaló vista adjudicativa para los casos de título. La parte recurrente presentó una *Moción Solicitando Determinaciones de Hechos, Conclusiones de Derecho y Reconsideración*. El foro recurrido denegó el referido escrito. La parte recurrente comparece y solicita la revisión de la orden en cual la Junta Adjudicativa denegó su solicitud de desestimación.

Examinado el recurso prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 7(B)(5).

*-II-*

*-A-*

La jurisdicción delimita la potestad o facultad que poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia pues al carecer de jurisdicción, el único proceder es manifestarlo y desestimar. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal *antes de que el asunto esté listo para su adjudicación*. Un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de eficacia, no produce ningún efecto jurídico, pues en el

momento de su presentación el foro apelativo carece de autoridad judicial para acogerlo. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001). El Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA Ap. XXII-B, R. 83, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (...)
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

### -B-

El Tribunal de Apelaciones posee competencia para atender, mediante el recurso de revisión judicial, la revisión de las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas. Artículo 4.006 inciso (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley núm. 201-2003, según enmendada, 4 LPRA sec. 24y. Destacamos que de igual manera dispone la Regla 56 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. Ap. XXII-B, R. 56. La Sección 4.2 de la Ley núm. 38-2017, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9672, dispone:

> Una parte adversamente afectada por una orden o **resolución final de una agencia** y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración,

La decisión, resolución o dictamen de la agencia administrativa debe ser final para ser revisable ante esta *Curia*. La Asamblea Legislativa limitó la revisión judicial exclusivamente a

órdenes o resoluciones finales de las agencias. Esto con el propósito de asegurar que, la intervención judicial se realizará después de la adjudicación final de todas las controversias pendientes ante el foro administrativo. Véase, *Comisionado de Seguros v. Universal*, 167 DPR 21 (2006).

### -III-

Del expediente surge que la apelación administrativa presentada por la parte recurrente todavía está pendiente de resolución final ante la Junta Adjudicativa del Departamento de la Familia. Artículo 22, *Reglamento para establecer los procedimientos de adjudicación en controversias ante la Junta Adjudicativa del Departamento de la Familia*, Reglamento número 9491, Departamento de la Familia, 24 de agosto de 2023.

Por tanto, resulta forzoso colegir que la Junta no ha emitido un dictamen final que podamos revisar en los méritos según el derecho apelativo aplicable. En consecuencia, nos encontramos ante un recurso prematuro sobre el cual no tenemos jurisdicción. Un recurso prematuro sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción. *Hernández Apellániz v. Marxuach Const. Co.*, 142 DPR 41 (1997). En consecuencia, carecemos de jurisdicción para atender los méritos el recurso presentado. Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1).

### -IV-

Por los fundamentos previamente expuestos, *desestimamos* la presente *Revisión Judicial* por falta de jurisdicción, por prematura.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Rivera Marchand concurre sin voto escrito.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones